UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BALWINDER CHAHAL, ) | |
| ) | CASE NO. C12-1682-RSL-MAT |
| Petitioner, ) | |
| ) | |
| v. ) | REPORT AND RECOMMENDATION |
| ) | |
| ICE FIELD OFFICE DIRECTOR, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

I.   INTRODUCTION AND SUMMARY CONCLUSION

Petitioner, confined at the Northwest Detention Center in Tacoma, Washington, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his pre-removal-period detention and seeking supervised release or a bond hearing before an Immigration Judge. (Dkt. 7.) Respondent argues that the habeas petition should be dismissed because petitioner has not exhausted his available administrative remedies by requesting a bond redetermination hearing before an Immigration Judge. (Dkt. 14.) For the reasons set forth below, the Court recommends petitioner's habeas petition be DENIED, respondent's motion to dismiss be GRANTED, and this matter be DISMISSED with prejudice.

REPORT AND RECOMMENDATION
PAGE -1

## II.  BACKGROUND AND PROCEDURAL HISTORY

Petitioner, a native and citizen of India, entered the United States on June 10, 1990, without inspection or parole by an immigration officer. (Administrative Record ("AR") L570-71.) On June 26, 2012, petitioner was arrested by the United States Immigration and Customs Enforcement ("ICE") and served with a Notice to Appear, charging him as removable from the United States under Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"), as an immigrant who is not in possession of a valid immigration visa. (AR L441, L443-45.) ICE served petitioner with a Notice of Custody Determination, notifying him that it had determined that he would be detained pending the outcome of removal proceedings. (AR L440.) Petitioner did not request administrative review of ICE's custody determination by an Immigration Judge. *Id*.

On October 16, 2012, ICE lodged Additional Charges of Inadmissibility/Deportability, charging petitioner as removable under INA § 212(a)(2)(A)(i)(I), as an alien who has been convicted of a crime involving moral turpitude, and under INA § 212(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled. (AR L581.) Petitioner's removal proceedings are ongoing.

## III.  DISCUSSION

Section 236(a) of the INA, 8 U.S.C. § 1226(a), provides the framework for the arrest, detention, and release of aliens while removal proceedings are pending before the Immigration Judge or the BIA. That provision provides the Attorney General with discretionary authority to release an alien on bond or conditional parole pending the completion of removal proceedings. *See* INA § 236(a), 8 U.S.C. § 1226(a). Section 236(a) provides, in part, as

follows:

> On a Warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General –
>     (1) may continue to detain the arrested alien; and
>     (2) may release the alien on –
>         (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>         (B) conditional parole . . .

INA § 236(a), 8 U.S.C. § 1226(a).

The custody procedures are set forth in the regulations. *See* 8 C.F.R. §§ 236.1(d), 1003.19, 1236.1(d). Under the regulations, ICE is authorized to make an initial custody determination, including the setting of bond. *See id*. After an initial custody determination, the alien may request a bond redetermination hearing before an Immigration Judge. *See id*. If an alien is dissatisfied with the Immigration Judge's determination, he or she may file an administrative appeal to the Board of Immigration Appeals ("BIA"). *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). If the alien remains dissatisfied, he or she may file a petition for writ of habeas corpus in federal district court. *See id*.

Here, the administrative record shows that ICE conducted an initial custody review and determined petitioner should remain detained pending the outcome of removal proceedings. (AR L440.) Rather than requesting a bond redetermination hearing before an Immigration Judge, petitioner filed a federal habeas petition in this Court challenging ICE's custody decision. Respondent argues that this Court should dismiss the habeas petition because he failed to exhaust administrative remedies before filing his habeas petition in this Court. The Court agrees with respondent.

Although 28 U.S.C. § 2241 contains no exhaustion requirement, the Ninth Circuit "require[s], as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). The exhaustion requirement is subject to waiver because it is not a "'jurisdictional' prerequisite.'" *Id*. Courts may require prudential exhaustion where: "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007).

Permitting petitioner to raise his claims for the first time in a habeas petition would be imprudent for all these reasons. Because petitioner has not sought, let alone exhausted, his administrative remedies by requesting a bond redetermination hearing before seeking relief under § 2241, the Court recommends that this action be dismissed.

///
///
///
///
///
///
///

REPORT AND RECOMMENDATION
PAGE -4

## IV. CONCLUSION

For the foregoing reasons, the court recommends that petitioner's habeas petition be DENIED, respondent's motion to dismiss be GRANTED, and this action be DISMISSED with prejudice.

DATED this 26th day of February, 2013.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -5